UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARY T. GARRISON, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:14-CV-00052 (JCH) |
| | : | |
| v. | : | |
| | : | |
| KOHL'S DEPT. STORES, INC., | : | |
| Defendant | : | AUGUST 14, 2015 |

**RULING RE: MOTION FOR SUMMARY JUDGMENT (DOC. NO. 32)**

Plaintiff Mary Garrison ("Garrison") brought this personal injury action against the defendant, Kohl's Department Stores, Inc. ("Kohl's"), in Connecticut Superior Court, Judicial District of Fairfield at Bridgeport. Kohl's removed the case to this court based on diversity of citizenship and an amount in controversy in excess of seventy-five thousand dollars. Notice of Removal (Doc. No. 1). Garrison alleges that she suffered injuries as a result of Kohl's' negligence when she tripped and fell in a Kohl's department store in Fairfield, Connecticut on December 26, 2011. Complaint (Doc. No. 1 at 6) ("Compl.").

Kohl's has moved for summary judgment. Motion for Summary Judgment (Doc. No. 32) ("Mot. Summ. Judg."). For the reasons that follow, the Motion for Summary Judgment is **DENIED**.

**I.   FACTS**

On December 26, 2011, Garrison went to a department store operated by Kohl's in Fairfield, Connecticut, with the intention of returning an item. While in the store, Garrison walked through the bedding and home goods department. Garrison approached the home goods area supervisor, Wesley Pamphile, to have him check for

1

an item in the stockroom. While he was gone, Garrison continued to walk through the bedding and home goods department. As she walked down the aisle, she tripped over a 24" x 36" rug that had fallen on the floor of the Kohl's premises. Local Rule 56(A)1 Statement (Doc. No. 33) ("Def.'s Loc. R. 56(A)1 Stmt."); Local Rule 56(A)2 Statement (Doc. No. 48-1) ("Pl.'s Loc. R. 56(A)2 Stmt."). Garrison alleges a large number of injuries as a result of her fall, including a broken left patella, torn muscle in the right hip, torn Medial Collateral Ligament in the left knee, additional physical injuries, exacerbation of pre-existing injuries, and non-economic damages. See Compl. ¶¶ 6-8.

## II.     STANDARD OF REVIEW

A motion for summary judgment is properly granted only if "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." O'Hara v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA, 642 F.3d 110, 116 (2d Cir. 2011). Thus, the role of the district court in deciding a summary judgment motion "is to determine whether genuine issues of material fact exist for trial, not to make findings of fact." Id. In making this determination, the court must resolve all ambiguities and draw all inferences in favor of the party against whom summary judgment is sought. See Garcia v. Hartford Police Dep't, 706 F.3d 120, 127 (2d Cir. 2013).

"The moving party bears the burden of establishing the absence of any genuine issue of material fact." Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010). Once the moving party has satisfied that burden, to defeat the motion "the party opposing summary judgment . . . must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'" Wright v. Goord, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56(e)). "For summary judgment purposes, a 'genuine

issue' exists where the evidence is such that a reasonable jury could decide in the non-moving party's favor." Cambridge Realty Co., LLC v. St. Paul Fire & Marine Ins. Co., 421 F. App'x 52, 53 (2d Cir. 2011); see also Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 104 (2d Cir. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)) (stating that the non-moving party must point to more than a mere "scintilla" of evidence in its favor). "[U]nsupported allegations do not create a material issue of fact." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000).

## III.   DISCUSSION

The elements of a cause of action in negligence consist of duty, breach of that duty, causation, and actual injury. Sturm v. Harb Development, LLC, 298 Conn. 124, 139 (2010). Under Connecticut law, "the owner of a retail store has a duty to keep the premises in a reasonably safe condition for the benefit of its customers." Kelly v. Stop and Shop, Inc., 918 A. 2d 249, 255 (Conn. 2007). Typically, for a plaintiff to recover for a breach of this duty, he or she must prove that the defendant either had "actual notice of the presence of the specific unsafe condition . . . or constructive notice of it."[1]

---

[1] An exception to the actual or constructive notice requirement is the "mode of operation" doctrine, through which a plaintiff may establish a prima facie case of negligence by presenting evidence "that the mode of operation of the defendant's business gives rise to a foreseeable risk of injury to customers and that the plaintiff's injury was proximately caused by an accident within the zone of risk." See Pereira v. Target Stores, Inc., 2011 WL 2413495 at *2-4 (D. Conn. June 10, 2011) (citing Kelly v. Stop & Shop, Inc., 918 A.2d 249, 263 (Conn. 2007)). This doctrine only applies if the plaintiff can show that "a particular mode of operation made the condition occur regularly or rendered it inherently foreseeable." Fisher v. Big Y Foods, Inc., 298 Conn. 414, 439 (2010). That a retail establishment operates in a self-service manner is not, in itself, grounds for liability under the mode of operation doctrine. See id. Garrison does not argue that liability should be found on this basis, and the court agrees that it does not appear to be applicable. Garrison has not identified any "particular mode of operation" used by Kohl's that rendered the condition inherently foreseeable or made it occur regularly.

Pereira v. Target, Inc., 2011 WL 2413495 at *3 (D. Conn. June 10, 2011) (quoting Baptiste v. Better-Val-U Supermarket, Inc., 811 A.2d 687, 691 (Conn. 2002)).  In a case based on allegedly defective conditions, "the plaintiff has the burden of offering evidence from which a jury reasonably could conclude that the defendant had notice of the condition and failed to take reasonable steps to remedy the condition after such notice."  Rabell v. United States, 2015 WL 2351915, at *2 (D. Conn. May 15, 2015) (quoting DiPietro v. Farmington Sports Arena, LLC, 49 A.3d 951, 957 (Conn. 2012)).

Kohl's argues that it is entitled to summary judgment because there is no evidence in the record from which a jury could conclude that it had actual or constructive notice of the unsafe condition; namely, the presence of the rug on the aisle floor.  Memorandum of Law in Support of Motion for Summary Judgment (Doc. No. 34) ("Def.'s Mem.") at 5.  Garrison argues that there are material issues of fact in dispute as to whether Kohl's had either actual or constructive notice of the unsafe condition, and that Kohl's has not met its burden of showing that it is entitled to summary judgment.  Plaintiff's Memorandum of Law in Support of her Objection to Motion for Summary Judgment (Doc. No. 48) ("Pl.'s Mem.") at 1-2.  Throughout her memorandum, Garrison repeatedly argues that for the purpose of its Motion for Summary Judgment, Kohl's has the burden of submitting credible evidence demonstrating that it had no constructive or actual notice of the defect.  See, e.g., id. On this basis, she argues that the affidavit submitted by Mr. Pamphile, which states that he would have inspected the area every thirty minutes, is insufficient evidence for Kohl's to "carry its burden demonstrating entitlement to summary judgment."  Id. at 7. She further argues that "it is Kohl's burden to prove that none of its employees were

4

responsible for placing the rug on the floor to negate actual notice." Id. at 10.

Garrison's argument mischaracterizes the respective burdens placed on the parties.  Of course, as the moving party, Kohl's "bears the burden of establishing the absence of any genuine issue of material fact."  Zalaski, 613 F.3d at 340 (2d Cir. 2010).  However, "in cases where the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim."  Brady v. Town of Colchester, 863 F.2d 205, 210-11 (2d Cir. 1988) (citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).  Where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," Rule 56(a) "mandates the entry of summary judgment" against that party.  Ciullo v. U.S., 2014 WL 3973502 at *5 n.1 (D. Conn. Aug. 14, 2014) (citing Celotex, 477 U.S. at 322).

A.   Actual Notice

Garrison does not contest that there is no evidence that the rug was placed on the floor by a Kohl's employee, Pl.'s Loc. R. 56(A)2 Stmt. ¶ I.2, and acknowledges that she has no knowledge about who placed the rug on the sales floor.  Pl.'s Mem. at 10. Nevertheless, she argues that whether the rug was placed on the floor by a Kohl's employee constitutes a disputed issue of material fact as to whether Kohl's had actual notice.  Pl.'s Loc R(A)2 Stmt. ¶ II.1.  However, as discussed supra at 4-5, once Kohl's satisfied its burden by pointing to the absence of evidence, it was Garrison's burden to proffer evidence establishing the existence of a genuine issue of material fact. Garrison has provided no evidence from which a jury could reasonably find that Kohl's

had actual notice of the defect.

    B.    <u>Constructive Notice</u>

In deciding whether a defendant had constructive notice of a defective condition, the "controlling question . . . is whether the condition existed for such a length of time that the defendant[ ] should, in the exercise of reasonable care, have discovered it in time to remedy it." <u>Riccio v. Harbour Village Condominium Ass'n, Inc.</u>, 281 Conn. 160, 163 (2007) (internal quotation and citation omitted). The plaintiff bears "the burden of proffering some evidence, either direct or circumstantial, from which the jury could infer that the defect she allegedly encountered existed for a length of time sufficient to put the defendant on actual or constructive notice of its existence." <u>Colombo v. Stop & Shop Supermarket Co.</u>, 67 Conn. App. 62, 64 (2001). "Abundant evidence" is not required, but "some evidence is required" to demonstrate that there "was a sufficient length of time to discover a defective condition if a reasonable inspection had been conducted." <u>Gulycz v. Stop & Shop Cos.</u>, 29 Conn. App. 519, 521, <u>cert. denied</u>, 224 Conn. 923 (1992). Once some evidence has been submitted, what constitutes a reasonable length of time "is largely a question of fact to be determined in light of the particular circumstances." <u>Riccio</u>, 281 Conn. at 163. Both direct and circumstantial evidence may establish constructive notice. <u>Kelly v. Kmart Corp.</u>, 2003 WL 22792344, at *2 (Conn. Super. Ct. Nov. 13, 2003) (citing <u>Gulycz</u>, 29 Conn. App. at 521).

Kohl's argues that there is no evidence as to how long the rug had been on the floor prior to Garrison encountering it. Def.'s Mem. at 6. However, Garrison testified that, prior to her fall, she had been in the bedding area for approximately fifteen minutes, and had not seen any other customers in the area during that time. Pl.'s Loc.

R. 56(A)2 Stmt. ¶ I.4; Plaintiff's Deposition Transcript (Doc. No. 33-1) at 29:18-30:21. Resolving all ambiguities and drawing all inferences in Garrison's favor, a jury could find that the rug was on the floor for at least fifteen minutes.

Whether this constituted a reasonable length of time within which Kohl's should have learned of the defect and remedied it must be determined "in the light of the particular circumstances of each case." See Sauro v. Arena Co., 171 Conn. 168, 171 (1976). There is no set period of time which is determinative. See, e.g., Sokolowski v. Medi Mart, Inc., 24 Conn. App. 276, 286-87 (1991) (jury could reasonably infer constructive notice where spilled aftershave lotion remained on pharmacy floor for more than fifteen minutes); Hann v. 7-Eleven, Inc., 2004 WL 1326819, at *2 (Conn. Super. Ct. June 3, 2004) (jury could reasonably infer that the time it takes for a slushy drink to melt was long enough for defendants to have constructive notice); Yegidis v. Stop & Shop Companies, Inc., 2000 WL 1912693, at *1 (Conn. Super. Ct. Dec. 14, 2000) (reasonable care required more frequent inspection of grocery store checkout lane/customer service area than a period in excess of 15 minutes) (decided prior to mode of operation exception).

Considering the "particular circumstances" at issue, the court cannot conclude that, as a matter of law, approximately fifteen minutes constituted a reasonable length of time. The incident took place on the day after Christmas, in the early afternoon. Mr. Pamphile testified that the store was particularly busy that day. Deposition of Wesley Pamphile (Doc. No. 49) ("Pamphile Dep.") at 32:10. He also testified that employees found items on the floor "very often." Id. at 40:7. In particular, he stated that customers "were always laying rugs on the floor" and that "customers are

7

constantly putting rugs and I have to pick up a rug and come back a minute later and there's another rug on the floor." Id. at 40:24-41:3, 45:9-14.  Resolving all disputed facts and inferences in Garrison's favor, a jury could find that, given all the circumstances, Kohl's should have discovered the defect during this time in the exercise of reasonable care.[2]

Because a genuine issue of material fact exists as to whether Kohl's had constructive notice of the defect, Kohl's Motion for Summary Judgment is denied.

## IV.   CONCLUSION

The Defendant's Motion for Summary Judgment (Doc. No. 32) is hereby **DENIED**.

**SO ORDERED.**

Dated this 14th day of August, 2015, at New Haven, Connecticut.

         /s/ Janet C. Hall
         Janet C. Hall
         United States District Judge

---

[2] Kohl's also argues that for a jury to conclude that its half-hour inspection schedule was insufficient would be "impermissible speculation," because Garrison has not introduced any expert opinion on the issue.  Def.'s Mem. at 5-6, Defendant's Reply Memorandum in Support of Motion for Summary Judgment (Doc. No. 50) ("Def.'s Rep.") at 5-6.  Kohl's has not cited to any cases for the proposition that expert testimony is required to show that a defendant in a premises liability case had constructive notice. Rather, "notice can be proven in a number of ways, including by expert testimony as to what the defendant ought to have known." DiPietro, 306 Conn. at 115 n.3.  Expert testimony "is unnecessary in cases where jurors 'are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training.'" Wills v. Amerada Hess Corp., 379 F.3d 32, 46 (2d Cir. 2004) (citing Salem v. United States Lines Co., 370 U.S. 31, 35 (1962)).